UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Rosemarie Merlino,**
**Plaintiff,**

v.

**UDR, Inc., UDR Red Stone Ranch LLC. d/b/a Red Stone Ranch,**
**Defendants.**

**CIVIL ACTION NO. 1:20-CV-104**

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff, ROSEMARI MERLINO, complaining of UDR, Inc., and UDR Red Stone Ranch L.L.C. d/b/a Red Stone Ranch, hereinafter Defendants, and files this Plaintiff's Original Complaint and for cause of action would show the Court as follows:

### A. PARTIES & SERVICE OF CITATION

1. Plaintiff is an individual who resided in Williamson County, Texas, at the time of the events made the basis of this suit.

2. Defendant, UDR Inc. is a foreign corporation, whose home office address is 1745 Shea Center Drive, Suite 200, Highlands Ranch, Colorado 80129. It may be served with process by serving its registered agent CT Corporaation System at 1999 Bryan ST. Suite 900 Dallas, Texas 75201 via private process server.

3. Defendant, UDR Red Stone Ranch L.L.C. is a foreign limited liability company, whose home office address is 400 East Cary Street, Richmond Virgina, 23219, and may

be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900 via private process server.

## B. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiff seeks monetary relief over one million dollars ($1,000,000.00). This court has jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Venue is proper in this district court under 28 U.S.C. § 1391(b) because the matter occurred in this district.

## C. FACTUAL BACKGROUND

5. Plaintiff, Rosemarie Merlino, brings this suit to recover damages for personal injuries she sustained as a result of an incident which occurred on or about April 17, 2018, at Defendant's premises located at 1600 South Lakeline in Cedar Park, Texas. The incident was proximately caused by the negligence of Defendants, their agents, servants and employees.

6. On April 17, 2018, Plaintiff was an invitee on Defendants' premises, Red Stone Ranch Apartments looking at apartments to rent. She was given a tour by an employee of Defendants. As she stepped into an apartment she tripped on the step at the entrance of the apartment. The entrance was an uneven, unseen step. She tripped and fell on to the ground causing her severe injuries and a broken bone.

7. The entrance was an unreasonably dangerous condition as it was unprecedented and at a level that was unexpected for the entrance to an apartment or home. Each apartment had a different size step making the step confusing and unreasonably dangerous. Moreover, it was a violation of building codes to have a step

at the entrance of the apartment. Defendants knew or should have known of the dangerous condition created by the step and Defendants neither corrected nor warned Plaintiff of the dangerous condition.

8. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident. Defendants' creation of the dangerous condition, failure to correct the condition, and failure to warn Plaintiff of the condition constituted negligence, and was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

### C. RESPONDEAT SUPERIOR

9. At all times material hereto, all agents, servants, or employees of Defendants were acting within the course and scope of employment or official duties. Furthermore, at all times material hereto, all agents, servants, or employees of Defendants, were acting in furtherance of the duties of their office or employment.

10. Therefore, Defendants are responsible for all damages resulting from the negligent acts or omissions of its agents, servants, or employees pursuant to the Doctrine of Respondeat Superior.

### D. NEGLIGENCE

11. Plaintiff alleges that on the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

    a.    Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;

    b.    Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;

  c. Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions;

  d. Failure to warn invitees of unreasonably unsafe and dangerous conditions;

  e. Failure to train employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

  f. Failure to adequately supervise employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

  g. Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

Each and all of the above stated acts or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

12. Plaintiff would further show that Defendant was negligent per se. The International Building Code (IBC § 1008.1.5) required that "There shall be a floor or landing on each side of a door. Such floor or landing shall be at the same elevation on each side of the door." The entrance to the apartment in question violated the International Building Code. The International Building Code was adopted into law by the City of Cedar Park Ordinance CO35-06-07-13-3A. The International Building Code was implemented to protect people like Rosemarie Merlino. Violating the International Building Code Section constituted negligence per se and was a proximate cause of the injuries and damages sustained by Plaintiff.

### E. DAMAGES

13. Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

   a. Past and future physical pain and suffering;

   b. Past and future mental anguish;

   c. Past and future medical expenses; and

   d. Past and future physical impairment.

### F. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendants for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
1717 N. IH-35
#305
Round Rock, TX 78664


By:  /s/ Roberto Flores
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com